UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES M. MANSAPIT,

Plaintiff,

v.

DELUXE CORPORATION,

Defendant.

Case No. 19-cv-00790-HSG

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 14

On January 14, 2019, Plaintiff James M. Mansapit brought suit against Defendants Deluxe Corporation and Deluxe Check Printers (collectively "Deluxe") in Santa Clara County Superior Court on behalf of himself and three putative classes. *See* Dkt. No. 1-1 ("Compl."). Plaintiff's federal claims are for alleged violations of the Fair Credit Reporting Act ("FCRA") in connection with a background check Deluxe procured as part of Plaintiff's employment. *Id.* ¶¶ 25–58. Plaintiff asserts analogous state law claims under California's Investigative Consumer Reporting Agencies Act, Consumer Credit Reporting Agencies Act and unfair competition law ("UCL"). *Id.* ¶¶ 59–102. Deluxe timely removed the action to federal court based on federal question jurisdiction. *See* Dkt. No. 1.

Now pending is Plaintiff's motion to remand, briefing for which is complete. *See* Dkt. Nos. 14 ("Mot."), 16 ("Opp."), 19 ("Reply"). Plaintiff contends that the lack of Article III standing for his FCRA claims renders improper Defendant's removal based on federal question jurisdiction. The Court agrees and **GRANTS** Plaintiff's motion. *See* 8 U.S.C. § 1447(c).

//

//

//

## I.    LEGAL STANDARD

A defendant may remove a civil action in state court to the federal court "for the district and division embracing the place where such action is pending" if the federal court has subject matter jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000). On a motion to remand, federal courts must presume that a cause of action lies beyond its subject matter jurisdiction, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing federal jurisdiction. *See id.* at 566–67.

Article III of the Constitution limits the jurisdiction of the federal courts to actual "cases" and "controversies." U.S. Const. art. III, § 2. One element of this case-or-controversy requirement is that the plaintiff must have standing to bring a claim. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish Article III standing, a plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 1547. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

## II.    DISCUSSION

The complaint does not adequately allege Article III standing with respect to the federal claims. *See Spokeo*, 136 S. Ct. at 1548–50. The only allegations Deluxe identifies to the contrary are bare references to the invasion of "privacy and statutory rights" and references under Plaintiff's UCL cause of action to "lost money or property." *See* Opp. at 2; *see also* Compl. ¶¶ 44, 73, 90, 93. Courts have largely found such unexplained passing references insufficient to serve as the sort of concrete and particularized harm necessary for Article III standing. *See, e.g.*, *Moore v. United Parcel Serv., Inc.*, No. 18-cv-07600-VC, 2019 WL 2172706 (N.D. Cal. May 13, 2019);

*Williams v. Nichols Demos, Inc.*, No. 5:17-cv-07101-EJD, 2018 WL 3046507 (N.D. Cal. June 20, 2018).  And contrary to Defendants' arguments, the complaint does not contain allegations of confusion, error, or other harm from the alleged violations which might give rise to standing.  *Cf. Syed v. M-I, LLC*, 853 F.3d 492, 499–500 (9th Cir. 2017) (finding more than a "bare procedural violation" of the FCRA where the complaint included allegations from which one could infer Plaintiff's confusion).

## III.    CONCLUSION

Because the Court lacks jurisdiction, the Court **GRANTS** Plaintiff's motion.  *See* 8 U.S.C. § 1447(c).  The Clerk is **DIRECTED** to remand this case to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated:  6/10/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge